UNITED STATES of America,
Appellee,

v.

Eugene JOHNSON, Appellant.

No. 00–3222.

United States Court of Appeals,
Eighth Circuit.

Submitted March 28, 2001.

Decided April 3, 2001.

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Eugene Johnson pleaded guilty to money laundering and conspiracy to distribute cocaine and cocaine base. At sentencing in 1998, Johnson faced a statutory maximum of 120 months on the money laundering charge and a sentencing range of 168–210 months on the drug charges. Because the Government filed a substantial assistance motion, the district court sentenced Johnson to three years probation. Two years later, Johnson's probation officer sought to revoke Johnson's probation. At the revocation hearing, Johnson admitted he violated several of his probation conditions. The district court revoked Johnson's probation. Rather than exercising its discretion to begin the sentencing process anew, the district court sentenced Johnson within the 1998 sentencing range to concurrent sentences of 120 months for money laundering and 168 months on the drug charges. *See* 18 U.S.C.A. § 3565(a)(2) (West Supp.2000); *United States v. Iversen*, 90 F.3d 1340, 1345 (8th Cir.1996). Johnson appeals arguing the district court committed error in denying him an acceptance of responsibility reduction on the 168–month drug sentence. The Government contends Johnson waived this issue by failing to appeal his 1998 sentence. An appeal from a probation revocation "is not the proper avenue through which to attack the validity of the original sentence." *United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir.1993). Thus, we do not reach the merits of the acceptance of responsibility issue. Indeed, we cannot do so because the original sentencing transcript is not part of the record in this proceeding. We affirm Johnson's sentence.*

* The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.